## Bell *vs.* Pierson, for the use of Achison.

### *Error to Desmoines.*

By appearance and pleading the defendant waives all defects in the process, as well as in the service thereof.

Where the plea was " illegality of contract, " setting forth at the same time the facts constituting that alleged illegality, to which there is a general replication, the truth of those facts set forth, is the only question to be presented to the jury—not whether those facts rendered the contract illegal.

The court cannot regulate its decisions on extrinsic matters. The record is the only guide.

The action was brought on two sealed notes, given by the plaintiff in error to the defendant. The first and second pleas were, " *non est factum,* " and " *fraud.* " For a third plea the defendant alleged that the said writings obligatory, were made and executed by said defendant in furthurance of a contract between the said plaintiff and the said defendant for the sale of a parcel of lands belonging to the U. States, with the express design that the same should be occupied and held by said defendant, contrary to the statute in such case made and provided. To this there was a general replication, and this constituted the main issue in the case.

Under these circumstances, it appears from the bill of exceptions that the court instructed the jury, that if the plaintiff, Pierson, had improved

the premises sold, they being public lands as alledged, such sale was legal and the consideration in such case would be legal and good; to which the defendant excepted.

The two first points in the assignment of errors related to defects in the process and service. The third had reference to the charge of the court as above stated.

By the Court, Mason, Chief Justice.—The two first points contained in the assignment of errors are readily answered. By appearance and pleading, the defendant waives all defects in the process, as well as in the service thereof. It is not therefore necessary for us to consider the sufficiency of such objections under different circumstances.

The consideration of the third point has been attended with greater difficulty. This difficulty has arisen principally from the fact that the record does not present the case which either party has seemed to contemplate. On the one hand, the legality of the sales of public lands is attempted to be proved. This can have no relevancy to the case before us. The parties went to trial in the court below, upon an entirely different issue. The defendant pleaded " illegality of contract," inasmuch as the notes were given in furtherance of a sale of public lands belonging to the United States, &c. upon which issue was joined. The only question presented to the jury by this state of pleadings, was, whether the notes were given for the consideration stated, and not whether that consideration were legal or not? Had the plaintiffs below wished to present this latter issue, they should in their replication have, demurred to the plea of the defendant.

But on the other hand, the counsel for the plaintiff in error, seems equally to have overlooked the actual state of the record. His argument seems to suppose that the actual question presented to the jury on the trial in the District Court, was, whether the traffic in public lands was or was not legal. We find nothing in the record to warrant such a conclusion. A distant inference of that kind may be drawn from the charge of the court: but this inference is not sufficiently irresistible to authorize a conclusion by this court.

What is there upon the record, to show that the verdict of the jury was predicated upon this charge? What evidence do we find there, to prove that this charge was not a mere gratuitous dictum, a random observation, or speculative opinion, wholly irrevelent to the real question then about to be submitted to the jury. If this were the case it would

now be altogether improper to disturb the judgment on account of that charge, even though it were ever so erroneous.

But from various circumstances we are led to believe that the real question intended by both parties to be presented to the court and jury on the trial, was whether or not the sale of public lands was illegal. If this had been the case the charge of the court was pertinent to the question. We think also that it was correct.

But we cannot regulate our decisions here upon extrinsic evidence. The record is our only guide. According to that, it would seem that the only inquiry was, whether the notes were given for the sale of public lands, as set forth in the plea, and denied by the replication. By rendering a verdict for the plaintiffs below, the legitimate inference is, that they found the notes were not given for the alleged consideration. The charge of the court, therefore, was irrelevant to the question submitted to the jury, and could have had no influence upon the verdict. It would, consequently, furnish no ground for a reversal of the judgment below.

Had the court below instructed the jury to render a verdict for the plaintiff, in case they found that the plaintiff, Pierson, had improved the premises, &c. or had it, when properly requested, refused to instruct the jury that the circumstance of the land having been improved was wholly irrelevant under the existing state of the pleadings, and that the only question for them to try was as to the truth of the defendant's plea —in either case it would have been error. Nothing of this kind, however, appears upon the record. We are, therefore, of the opinion that the judgment in this case should be affirmed.

Judgment affirmed accordingly.